FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 17 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN P. O'HEARNE,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | NO.  CV-04-0397-MWL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff, John O'Hearne, moves the court for summary judgment and Defendant has submitted a cross-motion for summary judgment. Because the court finds the Administrative Law Judge ("ALJ"), in his reasoned decision, properly analyzed Plaintiff's mental and physical impairments, complaints of symptoms and pain, and credibility, the court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion.

## BACKGROUND

Plaintiff protectively filed applications for Title XVI Supplemental Security Income and disability insurance benefits on September 4, 2001, alleging disability as of April 15, 2001, based on a variety of musculoskeletal and mental impairments. (Tr. 17, 77-81, 422-425). These impairments include upper and lower back

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

injury, hepatitis C, cirrhosis, hemochromatosis, and depression. (Tr. 18, 93). Plaintiff was notified that his application for benefits had been denied initially and upon reconsideration. (Tr. 17, 34, 40, 427, 429). A hearing was requested and subsequently conducted on March 3, 2003, which hearing was continued on May 28, 2003. (Tr. 43, 17, 434-490).

At the first hearing, testimony was taken from Plaintiff, who was represented by an attorney, and a medical expert, Ronald M. Klein, Ph.D. At the second hearing, testimony was taken from Plaintiff, who again was represented by an attorney, and a vocational expert, K. Diane Kramer. On July 22, 2003, the ALJ issued a nine-page decision denying Plaintiff's applications, based only on consideration of Plaintiff's severe impairments other than substance abuse. (Tr. 17-25).

On September 7, 2004, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.[1] (Tr. 6-9). The Plaintiff then commenced this action on October 29, 2004, which is before the Magistrate Judge for review pursuant to consents filed on November 29, 2004. *See* 28 U.S.C. §636(c); Fed.R.Civ.Pro. 73.

**FACTS**

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs of both Plaintiff and Defendant. This court will adopt those facts and provide a brief summary. Plaintiff was 49 years old at the time of the ALJ's final decision and considered a "younger individual between the ages of 45 and 49" pursuant to 20 C.F.R. §404.1563 and 416.963. (Tr. 24). He completed

---

[1] See 20 C.F.R. §§404.981, 416.1481, 422.210.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

high school, and attended two years of college classes in surveying and mapping and civil engineering technology. (Tr. 444). His past work experience included employment as a land surveyor, fish processor, boring machine operator and heavy truck driver. (Tr. 18). He currently is an assistant manager at his place of residence, a community transitional housing for veterans. (Tr. 21, 457). Plaintiff has a long history of alcohol abuse and has lost jobs and his driver's license(s) because of his drinking. (Tr. 21, 243, 442, 448). He testified at the hearing that the last time he worked was about April of 2001, as a truck driver but the job ended with his license suspension for drinking while on the job. (Tr. 447-448).

At the March 2003 hearing, the ALJ asked Plaintiff questions regarding his drug, tobacco, and alcohol habits. He testified that he smokes and is on nicotine patches. (Tr. 458). He testified that he does not drink any longer and the last drink he had was May 1, 2001. Id. He stated that he used illegal or recreational drugs in the past but stopped about four years ago. (Tr. 459). Plaintiff testified that he can take care of his own personal needs, apartment, cooking, washing, and finances (Tr. 454, 455, 459).

### ALJ'S FINDINGS

The ALJ applied the five-step sequential process for determining whether a claimant is disabled. See 20 C.F.R. §§404.1520, 416.920. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (Tr. 24, Finding 2). The Plaintiff does not dispute this finding.

At step two, the ALJ found that Plaintiff had the following

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1  severe impairments: chronic obstructive pulmonary disease [COPD],
2  hepatitis C, cirrhosis of the liver, dysthmia, an affective
3  disorder, and alcohol abuse (in self-reported remission). (Tr. 20,
4  24, Finding 3). Plaintiff does not dispute this finding.

5     At step three, the ALJ found that Plaintiff's impairments did
6  not meet or equal the requirements of a listed impairment. (Tr. 24,
7  Finding 4). Plaintiff does not appear to dispute this finding.

8     The ALJ determined that Plaintiff had the residual functional
9  capacity [RFC] to perform light work. (Tr. 24, Finding 7). The ALJ
10 found that Plaintiff's allegations regarding his limitations were
11 not considered to be totally credible (Tr. 24, Finding 5), which
12 finding the Plaintiff disputes. The ALJ also found that Plaintiff
13 should work relatively alone with just superficial interactions with
14 co-workers and the general public. (Tr. 21). This finding is not
15 in dispute.

16    At step four, the ALJ found that Plaintiff was unable to
17 perform his past relevant work. (Tr. 24, Finding 8). This finding
18 is not in dispute.

19    At step five, the ALJ found that, based on the above residual
20 functional capacity, Plaintiff had transferable skills from skilled
21 work previously performed and could perform work existing in
22 significant numbers in the national economy, specifically noting the
23 jobs testified to by the vocational expert. These jobs included
24 field map editor, geodetic compilator, and commercial
25 cleaner/janitor. (Tr. 22, 24, Findings 11, 13). This finding is in
26 dispute.

27                              **DISCUSSION**

28    Plaintiff argues that the ALJ improperly rejected Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

symptom and pain testimony because he did not make specific findings stating clear and convincing reasons as to why such testimony was rejected. Ct. Rec. 13, at 13. Plaintiff urges that the ALJ's decision should be reversed. Id.

### A. Review of Commissioner's Decision

A district court must uphold the [Commissioner's] determination if the factual findings are supported by substantial evidence and the [Commissioner] applied the proper legal standards. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir.1990). "Substantial evidence" is more than a "mere scintilla" of evidence, but "less than a preponderance." *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990) *Connett v Barnhart*, 340 F.3d 871.873 (Ninth Cir. 2003). If the ALJ applies the wrong legal standard, the ALJ's decision must be set aside even though the findings are supported by substantial evidence. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

The district court must uphold the Commissioner's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002).

### B. The ALJ Properly Concluded That Plaintiff Could Perform Light Work In The Absence of Alcohol Abuse

#### 1. Credibility Determination With Respect To Disabling Pain and Severity of Symptoms

Plaintiff argues that the ALJ failed to reject his symptom testimony with specific findings, stating clear and convincing reasons. Ct. Rec. 13, at 12. The court disagrees.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

The ALJ properly discredited, to the extent appropriate, Plaintiff's allegations of disabling pain and disabling mental and physical impairments, symptoms, and limitations. The ALJ's decision contained an evaluation of Plaintiff's credibility in the body of the decision. (Tr. 19-21). The ALJ expressly provided the following specific and legitimate reasons to find Plaintiff less than fully credible:

1. The ALJ noted that "[t]he claimant's report of inability to work is inconsistent with duties as assistant manager at his place of residence." (Tr. 21, 170).

2. The ALJ noted that Plaintiff "can perform his activities of daily living, does chores and has even assumed the role of assistant manager at his place of business." (Tr. 21).

3. The ALJ noted that Plaintiff "lost his job because of drinking and not because of psychological problems." (Tr. 21, 93, 442).

4. Plaintiff lost his commercial driver's license because he had alcohol on his breath while driving a long haul truck on the job (Tr. 21, 203, 442, 447-48), "not because he was suffering dizzy spells." (Tr. 21, 455).

5. The ALJ noted further inconsistencies between Plaintiff's self-reports that it has currently been about two years since he last drank and the VA record notation (dated March 2003) that his last drink was "over 2 months ago". (Tr. 21, 406).

6. The ALJ noted that, "The claimant's substance abuse remission is self-reported and questionable." (Tr. 21).

7. The ALJ noted that: "Tests show that the claimant's liver is only mildly enlarged with no varicies [sic] and no jaundice, he is not on a transplant list or receiving Interferon and he takes Ibuprofen for generalized joint pain. The COPD is only treated when there are acute flare-ups. The condition is moderate rather than severe." (Tr. 21, 170).

8. The ALJ also noted that Plaintiff continues to smoke cigarettes (Tr. 21) despite numerous warnings by medical personnel.

Because the ALJ set forth specific, legitimate reasons for giving less weight to Plaintiff's testimony and based on an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

independent review of the entire administrative record[2], the undersigned finds substantial evidence supporting the determination that Plaintiff did not suffer from severe mental or physical impairments to the extent alleged. Under *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir.2004), the ALJ's credibility finding must be affirmed.

### 2. The ALJ Made a Proper RFC Determination According Proper Weight to Medical Opinions

Plaintiff argues that he does not believe that there was substantial evidence to support the ALJ's decision with regard to his determination that he was capable of doing light work. Ct. Rec. 13, at 10. Plaintiff's arguments are not convincing and lack citation to evidence in the record to refute the ALJ's decision.

The ALJ adopted the Disability Determination Services [DDS] physician's opinion that Plaintiff was capable of performing light work. (Tr. 19, 166-70, 354-60). The ALJ also noted that the DDS psychologist opined that Plaintiff should work relatively alone with just superficial interactions with co-workers and the general public. In this regard, the ALJ stated in his decision that Dr. Edward Beaty, a licensed psychologist and DDS medical consultant,

---

[2] The undersigned independently finds further evidence to buttress the ALJ's credibility determination. Chart notes from the Veteran's Administration [VA] indicate that Plaintiff's "duties include interviewing and orienting new residents." (Tr. 215). In June 2002, chart notes indicated, "Not a candidate for PEG interferon-ribavirin due to *normal* ALTs and severe depression." (Tr. 380; emphasis added). VA chart notes on September 6, 2001 indicate that Plaintiff "last worked 4-01 doing maintenance work. He stopped working because he started drinking." (Tr. 243). VA chart notes on September 10, 2001 indicate that "Vet appears to be remaining abstinent and making good progress as evidenced by his use of several resources to assist his recovery." (Tr. 238). VA chart notes on July 6, 2001 indicate that Plaintiff reported his last drink was "over 2 months ago." (Tr. 280). VA notes on May 23, 2001 indicate Plaintiff's last drink was 23 days earlier. (Tr. 314).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

assessed Plaintiff as,

> moderately limited only in his ability to work in coordination with or proximity to others without being distracted by them and in his ability to interact with the general public...had no restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace and has had one episode of decompensation

(Tr. 19-20, 186-88, 375-78).

The ALJ noted Dr. Ronald Klein, Ph.D.'s testimony that nothing in the medical documents of record establishes that the Plaintiff has an impairment so severe that he could not work. To that effect, Dr. Klein, a psychologist and medical expert testified at the hearing as follows:

> There's no doubt that Mr. O'Hearne has significant psychiatric difficulties along with certain medical problems, but in terms of actual impairment from participating in substantial gainful activity at some level, I don't-I don't see him there. I see problems that are appropriately treated, and he should certainly continue with outpatient treatment as he has been and would certainly benefit, I think, overall in striving towards improved mental health by having regular scheduled self-supportive activity to participate in.

(Tr. 441).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F.Supp.1045, 1047 (D.Kan.1992). The court examines the record as a whole, including whatever in the record

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

fairly detracts from the weight of the Commissioner's decision and, on that basis, determines if the decision is supported by substantial evidence in the record. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir.1994). The undersigned concludes that the ALJ's conclusions are rational and the decision is supported by substantial evidence.

Specifically, the ALJ properly evaluated the psychopathology professional opinions of record[3], which opinions appeared to be consistent with the ALJ's determination that Plaintiff could perform a significant range of light work with specific work restrictions.

### 3. Substance Abuse

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). In 1996, Congress amended the Act to preclude entitlement to disability benefits based on drug addiction or alcoholism. Pub.L. 104-121, enacted March 29, 1996, precludes an award of SSI under Title XVI of the Act, "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub.L. 104-121, §§ 105(a), 105(b).

---

[3] "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, available at 1996 WL 374180, at *2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to the opinions in their decisions. Id. The ALJ concluded that "the opinions of the non-examining State Agency consultants tend to support the undersigned's conclusion as does additional evidence received subsequent to their opinions, including testimony at the hearing." (Tr. 20).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

Drug addiction or alcoholism is <u>material</u> to a finding of disability if the individual would not be found disabled if he stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b).

The ALJ considered all the evidence of record, and determined that Plaintiff was not disabled based only on consideration of Plaintiff's severe impairments other than substance abuse. Testimony from the medical expert, Dr. Klein, indicated that Plaintiff would be plagued with an inability to function in a work setting with alcohol abuse. (Tr. 441-42). It is inherent in the decision that Plaintiff's substance abuse, in self-reported remission, is a material factor contributing to any finding of disability.

## CONCLUSION

According to the law, and the substantial evidence of record, the court is required to uphold the ALJ's decision. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED**.

2. Defendant's Cross-Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and an Order of Judgment and forward copies to counsel.

**DATED** this 17th day of October, 2005.

MICHAEL W. LEAVITT
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10